Nicholson, C. J.,
delivered the opinion of the court.
John W. Farnsworth, as agent of Wm. R. Farns--worth, a citizen of Missouri, had in his hands for collection a note on S. L. Stephens and H. A. Farns-worth .for $1,000, dated in 1858, with a credit of $506. In 1862 Stephens gave to John W. Farns-worth an order on McDowell, McGaughy & Co. for -the amount of his note. McDowell, McGaughy & ■Co. were indebted to Stephens in a larger amount, *739 due by note, payable in current bank notes. They accepted the order, and proceeded to count out to John W. Farnsworth the amount in current bank notes, but he objected and requested them to pay him in Confederate treasury notes, which was done, and afterwards the note was delivered up to Stephens.
Complainant, administrator of Wm. R. Farnsworth, files this bill to make Stephens, Henry A. Farnsworth and Headrick, administrators of John W. Farnsworth, responsible for the amount so paid by McDowell, McGaughy & Co. to John W. Farnsworth, upon two grounds — first, because the payment was in an illegal currency and therefore inoperative; and second, because John ~W. Farnsworth, as agent, had no right to receive anything in payment but convertible funds, no instruction having been given to him authorizing the receipt of any other.
The Chancellor held that the payment was inoperative on both grounds, and gave judgment against Stephens, H. A. Farnsworth and Headrick, as administrators of J. "W. Farnsworth. Stephens and Head-rick have appealed.
It is argued that the agency of John W. Farns-worth was extinguished and revoked by the occurrence of the war between the United States and the rebel States. As between citizens residing on opposite sides of the - lines that separated the belligerents, the agency would be so far revoked or suspended as to prevent the agent from transmitting funds from one side to the other, but the power to collect continued, notwithstanding the -existence of war.
*740 It does not follow that the agency of John W.. Farnsworth was either suspended or revoked because his principal, ¥m. R. Farnsworth, was a citizen of Missouri. To have this effect, it should be made to-appear by proof that ¥m. R. Farnsworth resided in a portion of Missouri within the Federal military lines. No such proof was made.
We held in a recent case, that by operation of an. act of the Legislature of 1861 the operation of the laws of war, so far as they suspend or revoke agencies existing on opposite sides of the belligerent military lines, was declared not to apply as between any of the slaveholding States and the State of Tennessee. It follows that John W. .Farnsworth had the right to make the collection, notwithstanding the existence of war. Having received the Confederate money vol-úntarily and in preference of current bank notes, the payment discharged Stephens and H. A. Farnsworth. The Chancellor erred, therefore, in giving judgment against them. But as John W. Farnsworth had not instructions which authorized him to receive Confederate money, he exceeded his authority as an agent and made himself responsible by so doing. The decree was therefore correct in giving judgment against Head-rick as administrator. In this respect the decree is affirmed, but as to the decree against Stephens and H. A. Farnsworth, it is reversed.
It is not intended by this opinion to settle any question between Rebecca Farnsworth and the administrators of W. R. Farnsworth, as that branch of the case is not before us.
*741 The costs of the original, so far as Stephens and H. A. Farnsworth, in this court and the court below will be paid by the administrators of ~W. R. Farns-worth. The costs of Headrick as administrator of John W. Farnsworth, in this court and the court below, will be paid by Headrick as administrator.
The cause will be remanded for further proceedings.